McCULLY et al. v. KNY–SCHEERER CO.

(Circuit Court, E. D. New York. March 30, 1900.)

PATENTS—INFRINGEMENT—SPECULUM.

   The McCully patent, No. 430,350, for a speculum, is limited in scope to
   certain improvements on the prior and well-known Graves speculum, a
   single feature of which, if any, discloses patentable novelty, and is not
   infringed by a speculum which is also essentially the Graves instrument,
   improved by the substitution of parts taken from others antedating the
   patent.

In Equity. Suit for infringement of patent. On final hearing.

Wilton C. Donn, for complainants.
William Raimond Baird, for defendant.

THOMAS, District Judge. The complainants' invention relates to
an alleged new and improved speculum. The claimed desideratum in
the art was an instrument that admitted of ready and complete dis-
memberment and reassemblage of parts, for the purpose of quick and
thorough cleansing under aseptic conditions. Each of the complain-
ants' claims involves a combination. The specification describes a spec-
ulum (1) whose two jaws are of the ordinary form. (2) The stem of
the inferior jaw is joined by means of a screw with the stem of a forked
piece, which in turn is connected with, and is an extension of, the
upper jaw. This screw holds the stem of the lower jaw and the stem
of the forked piece in position, and by loosening the screw the jaws
may be expanded or contracted. (3) A front arm or finger lever which
has a hole, receiving loosely a set screw, whose inferior end, by
means of an eye, engages a detent, in the form of a hook or pin, let
into one side of the forked piece or lower jaw. The screw carries a
nut, which, when set upon the finger lever, holds the jaws apart, or,
if loosened from that position, permits the same to close. (4) A con-
nection of the arms or limbs of the fork to the upper plate or jaw by
means of pins. (5) Preferably the pins are provided by "means of
a curved wire or rod, forming a yoke," whose extremities are bent to
form pins, which enter holes in the upper and lower jaws, or in the
upper jaw and forked piece. (6) As suggested, the jaws may be
pivoted together without the fork piece. So far as described, no part
of the complainants' instrument is new for the purpose of a speculum,
save the pivot yoke, and also the pin or hook detent on the side of the
yoke piece or lower jaw. The Graves speculum, older and well known
in the art, had each feature of the complainants' instruments, save
the pivot yoke or equivalent pivots, and also the hook detent, in the
place of which was a removable screw. In the place of the pivot yoke
or pivots of any kind was a screw, the inner ends of which, in certain
cases, were riveted, and in other cases were not. Hence a hook detent,
and also pins on which the jaws, or upper jaw and forked piece,
turned, preferably in the form of a bail with inturned ends, take the
place, in the complainants' patent, of screws performing the same func-
tion in the Graves speculum. In fact, the complainants call their in-
strument the Graves speculum. The defendant's device is precisely
the Graves instrument, save that he uses a pin, let into the inner side

of one arm of the forked piece, which pin engages that side of the upper jaw, while a removable screw is employed in the place of a pin on the opposite side. In addition, the detent on the fork or jaw to hold the screw is a pin, rather than a screw, as in Graves' patent. But the precise manner of connecting the jaws employed by the defendant is shown in Brewer's speculum, which anticipates in time the complainants' patent. There would have been no invention in combining Brewer's manner of fastening the jaws with the Graves device. Such an instrument would show neither invention nor novelty. It would be the combination of old parts in such way as to perform no new function, or to provide no new mode of operation. The use of the pivot yoke or springing bail, with inturned ends to form pins, was new in a speculum. Such yoke was a useful method of springing pins through the jaws or the upper jaw and the fork piece. Whether it indicates invention need not be decided, as the defendant does not use the same nor any equivalent not old in the art. The defendant combines the Brewer pivot and screw for connecting the parts with the Graves instrument to perform an old function. Clearly, the complainants were not entitled to such combination. In fact, they did not describe such combination in the first, second, third, and fifth claims alleged to be infringed. The claims describe the union of the jaws or upper jaw and forked piece, as follows: In the first claim, "a curved yoke having bent ends forming pivots detachably connecting the jaws"; in the second claim, by "a curved yoke, having bent ends forming pins or journals, by which the other jaw is detachably pivoted to the extremities of the forked piece"; in the fifth claim, by "a yoke, H [referring to figures], having bent ends forming journals adapted to bearings in the jaw, B, and forked piece, C." The third claim makes no mention of such fastening, unless in the use of the words "substantially as herein set forth," which expression is common to the claims, but supplies nothing valuable. As Brewer had used a pin on one side and a screw on the other, there was nothing new in a provision for a fastening by pins, and, as the patentees confined themselves to a special form of such pins, they must be limited to that. Hence the defendant did not infringe the claims, 1, 2, or 5, unless the use of a hook detent modifies or changes the conclusion. But the hook detent is not mentioned in claims 1 and 2, while claim 5 mentions a detent, "F, on the part C." This claim is either too broad in claiming any form of detent, as it would be anticipated by the Graves instrument, or it is too narrow to cover one form of the defendant's hook, called the "French lock detent," which is not new, although not used in a speculum. But it is considered that the change of form from a screw detent to a pin detent, such changed form being a well-known manner of fastening, although not before used in a speculum for that purpose, indicates nothing of invention. The head of the screw is cut off, and the end of the detent is bent down. A screw removable is changed to a hook immovable, and each performs the same office, save that in dismembering the instrument the eye of the screw slips off the hook or pin in the one case, while the screw must be removed in the other. What has just been stated is applicable to claim 3, which reads: "In a speculum, the combination with one pivoted jaw of a pin or hook detent fixed

thereto, and a fastening device detachably engaging the detent, and also engaging the other jaw of the instrument, substantially as herein set forth." One of the figures literally shows this arrangement; that is, the hook or pin is on the side of the lower jaw, rather than on the forked piece, as shown in other figures. The forked piece is always described separately. In any case it is not a part of the lower jaw, as it is fastened to the upper jaw, and there seems to be no propriety in broadening the claim. The defendant's device does not infringe the letter and obvious intention of claim 3. It appears to the court that the complainants' combination is very serviceable, in that it permits speed in the disconnection and marshaling of parts, but this convenience seems chiefly due to the curved yoke, which the defendant does not use. The defendant should have a decree, with costs.